**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SONDRA TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-857 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

For the reasons stated below, Defendant's motion to dismiss this action as untimely [11] is granted. A final judgment under Federal Rule of Civil Procedure 58 in favor of Defendant and against Plaintiff will be entered. Civil case terminated.

**STATEMENT**

On February 4, 2020, Plaintiff filed this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of a Social Security ALJ finding that Plaintiff was not disabled and therefore not entitled to supplemental security income under the Social Security Act, 42 U.S.C. § 1382c. On August 19, 2020, Defendant filed a motion to dismiss [11] arguing that Plaintiff's action was not timely. The Court set a briefing schedule [12]. Plaintiff's response brief was due on September 21, 2020. More than two months have passed since that deadline, but Plaintiff has neither filed a response brief nor a motion for extension of time.

Section 205(g) of the Social Security Act sets forth the time limitation for commencing a civil action. This section provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). The sixty-day statute of limitations period provided by Congress serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Commissioner has interpreted "mailing" as the date an individual receives notice of the Appeals Council's denial of request for review (or decision). See 20 C.F.R. §§ 416.1481, 422.210(c). Thus, a claimant must file a civil action in federal district court within sixty days after receiving the Appeals Council's

notice. The date of receipt is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. See *id.* §§ 416.1401, 422.210(c).

The Notice of Appeal Council Action relevant to this case is dated May 6, 2019. See Dec. p. 3, ¶ (a); Exhibit 2. Based on this date, Plaintiff is presumed to have received it by May 11, 2019, and was required to have initiated this action by filing her complaint by July 10, 2019. Plaintiff did not file her complaint until February 4, 2020—almost seven months late. To be sure, the Appeals Council may extend the time to file a federal court action upon a showing of good cause, see 20 C.F.R. §§ 416.1411, 416.1482. However, there is no record of Plaintiff making any such request in this case. Nor has Plaintiff set forth any permissible basis for the Court to extend the sixty-day limitation. See *City of New York*, 476 U.S. at 479-81.


Dated: November 30, 2020

_____
Robert M. Dow, Jr.
United States District Judge